FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 14, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>LUKE FIREWALKER YAZZIE,<br>Defendant. | NO: 2:26-CR-00105-RLP-1<br><br>ORDER DENYING DETENTION APPEAL |

Before the Court are Defendant Luke Firewalker Yazzie's appeal of the magistrate judge's detention order, ECF No. 34, and his Motion for Detention Review and Memorandum in Support, ECF No. 36. Mr. Yazzie asks the Court to review and revoke the magistrate judge's detention order, ECF No. 33, and release him on conditions pending trial pursuant to 18 U.S.C. § 3145(b).

The Court held a hearing on the matter on September 14, 2026. Mr. Yazzie appeared in custody and was represented by Adrien Fox of the Federal Defenders

of Eastern Washington and Idaho. Assistant United States Attorney Michael Louis Vander Giessen appeared on behalf of the United States.

The Court has conducted a de novo review and concludes that the United States has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, for the reasons stated below and on the record, the Court denies Mr. Yazzie's appeal and motion for detention review.

## BACKGROUND

*Personal History*

Mr. Yazzie is 19 years old and has lived in eastern Washington his entire life. ECF No. 10 at 1-2. Mr. Yazzie is single and has no children. ECF No. 10 at 2. He primarily resided in the Elmer City area before recently moving to Spokane, where he rented an apartment with a roommate. ECF No. 10 at 1-2; ECF No. 36 at 7. That lease ended on August 31, 2026, and Mr. Yazzie proposes returning to his parents' home in Elmer City if released. ECF No. 36 at 6.

He graduated from Lake Roosevelt High School in 2025. ECF No. 36 at 7. While in high school, Mr. Yazzie participated in golf and cross country. ECF No. 36 at 7. He also worked in maintenance at a golf course through a tribal youth-employment program and continued working there full time after graduation. *Id.* Mr. Yazzie reported to Pretrial Services that he did not believe he could return to

his prior employment. ECF No. 10 at 3. His employment with the golf course has since ended and was classified by the employer as a voluntary resignation based on three consecutive days of missed work without contact with his supervisor following his arrest. ECF No. 36 at 7; ECF No. 36-1. The employer confirmed that Mr. Yazzie is eligible to reapply for an open position but has not guaranteed future employment. *Id.*

Mr. Yazzie's family has ties to the Elmer City area. ECF No. 36 at 7. His parents have offered to allow Mr. Yazzie to reside with them if released. ECF No. 32, Ex. C at 2; ECF No. 36 at 7. His parents have also offered to serve as third-party custodians and provide daily supervision. ECF No. 32, Ex. C at 2; ECF No. 36 at 8. According to the defense, the family residence has sufficient cellular service to permit GPS monitoring. ECF No. 36 at 8. Mr. Yazzie has no passport and reports that he has never traveled outside the United States. *Id.*; ECF No. 10 at 2.

Mr. Yazzie reported using marijuana multiple times per week and reported using it last on the day of his arrest in this case. ECF No. 10 at 3. Mr. Yazzie also reported experiencing suicidal thoughts and ideation following his arrests, including while in tribal custody and while detained at the Spokane County Jail. *Id.*

Mr. Yazzie completed a mental health assessment through the Behavioral Health Program operated by the Confederated Tribes of the Colville Reservation

Health and Human Services. ECF No. 30. The assessment began on August 3, 2026, and was completed on August 10, 2026. *Id.* The provider indicated that Mr. Yazzie could be referred for continuing services and that services were available both in person and virtually. *Id.* Mr. Yazzie was arrested in this federal case three days after completing the assessment and had not begun continuing treatment before his arrest. ECF No. 36 at 9.

*Pending Tribal Charge and Pretrial Conduct*

Mr. Yazzie has no prior criminal convictions, but he has a pending tribal charge for battery-domestic violence stemming from an alleged assault on A.W., who is also the alleged victim in this case. *See* ECF No. 21 at 2.

On July 9, 2026, the Confederated Tribes of the Colville Reservation charged Mr. Yazzie with Battery (Domestic Violence), alleging that he caused bodily injury to A.W. by biting her left shoulder. ECF No. 23, Exs. 1, 2. The tribal court released Mr. Yazzie on bail that same day. ECF No. 23, Ex. 3 at 1-2. As conditions of release, the tribal court ordered him not to violate criminal laws, to comply with a separately entered no-contact order, and to obtain a mental health evaluation. *Id.* The no-contact order prohibited him from contacting A.W. ECF No. 23, Ex. 4.

While on pretrial release in the pending battery case, Mr. Yazzie allegedly violated his release conditions by assaulting A.W. and contacting her in violation

of the active no-contact order. ECF No. 21 at 2. Mr. Yazzie also failed to appear for a scheduled tribal court hearing. *Id.* On August 17, 2026, the tribal court issued a bench warrant for Mr. Yazzie. ECF No. 23, Ex. 5 at 2.

Defense counsel submitted an email from Mr. Yazzie's tribal spokesperson, Richard Lee, concerning the outstanding tribal warrant. ECF No. 36-2 at 1. Mr. Lee stated that the warrant is executable only on tribal land. *Id.* He also stated that he could file a motion to quash the warrant, but that the tribal court would likely want to know when Mr. Yazzie could appear in person. *Id.* Mr. Lee further noted that the tribal prosecutor had not dismissed the tribal case. *Id.*

*Procedural History*

On August 12, 2026, the United States filed a criminal complaint charging Mr. Yazzie with Assault by Strangling and Attempting to Strangle an Intimate Partner and Dating Partner in Indian Country, in violation of 18 U.S.C. §§ 113(a)(8), 1153, and Assault of an Individual Who Had Not Attained the Age of 16 Years in Indian Country, in violation of 18 U.S.C. §§ 113(a)(5), 1153, alleged to have occurred on July 1, 2026. ECF No. 1. One week later, a grand jury returned an Indictment charging Mr. Yazzie with the same two offenses. ECF No. 24.

On August 20, 2026, Magistrate Judge James A. Goeke arraigned Mr. Yazzie on the Indictment and held a detention hearing. ECF No. 33 at 1. Subsequently, Judge Goeke granted the Government's motion for detention. ECF

No. 33 at 4. Judge Goeke found the Government had not established by a preponderance of the evidence that no conditions could reasonably assure Mr. Yazzie's appearance, but had established by clear and convincing evidence that no condition or combination of conditions could reasonably assure the safety of other persons or the community. *Id.*

Mr. Yazzie now seeks review of that detention order under 18 U.S.C. § 3145(b). ECF No. 36.

LEGAL STANDARD

The Bail Reform Act governs the detention of a defendant pending trial and provides that a person should be released pending trial unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

To determine whether there are conditions of release that will reasonably assure the appearance of the person, the Bail Reform Act directs a judicial officer to consider the (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4).

When reviewing a magistrate court's determination on the issue of detention, a district court must make its own de novo determination of the facts "without deference to the magistrate's ultimate conclusion." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). However, this does not mean a district court is required to start over in every case "and proceed as if the magistrate's decision and findings did not exist." *Id*.

To prove that the risk of danger to the community is so great that the defendant must be detained, the Government must convince the court by clear and convincing evidence that no combination of conditions will reasonably assure the safety of the community. 18 U.S.C. §3142(f); *United States v. Salerno,* 481 U.S. 739, 750 (1987). Danger must be proved by demonstrable, quantifiable, and objective evidence. *United States v. Perez-Garcia*, 96 F.4th 1166, 1184 (9th Cir. 2024) (citation modified) (citing *Salerno*, 481 U.S. at 750)); *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).

## DISCUSSION

Mr. Yazzie requests the Court review Judge Goeke's order denying his request for release. He contends the Government cannot establish by a preponderance of the evidence that there are no conditions of release that could be imposed that would reasonably assure his appearance at further proceedings. He further contends the Government cannot show clear and convincing evidence that

there are no conditions of release that the Court could impose that would reasonably assure the safety of the community if he was released.

The Court considers the factors set forth at 18 U.S.C. § 3142(g) to assess whether the Government has met its burden of proving no condition or combination of conditions can adequately assure Mr. Yazzie's appearance as required or safety to the community. Each factor is discussed in turn.

*1. Nature and circumstances of the offense*

Mr. Yazzie acknowledges that the charged offenses are serious, constitute crimes of violence, and involve a minor. ECF No. 36 at 4. The Court agrees. Mr. Yazzie is charged with strangling or attempting to strangle A.W., his then-intimate partner, and assaulting her when she had not attained the age of 16. ECF No. 24. The nature and circumstances of the charged offenses weigh strongly in favor of detention.

*2. Weight of the evidence*

The evidence in this case is contested. The Court therefore agrees with the parties that this factor is neutral.

*3. Mr. Yazzie's history and characteristics*

Several aspects of Mr. Yazzie's history and characteristics favor release. He is 19 years old and has no criminal convictions. He has lived in eastern Washington his entire life, graduated from high school, and has family ties to the

Elmer City area. His parents have offered him housing and are willing to serve as third-party custodians. Mr. Yazzie has also completed a mental-health assessment and represents that he is willing to participate in continuing treatment. His former employer has confirmed that he is eligible to reapply for employment, although no future employment is guaranteed.

Other considerations weigh against release. Mr. Yazzie has a pending tribal charge involving alleged assaults of A.W. More significantly, while on pretrial release from tribal court, Mr. Yazzie allegedly assaulted A.W. and contacted her despite an active no-contact order. ECF No. 21 at 2. He also failed to appear for a tribal-court hearing, and the tribal court thereafter issued a bench warrant. ECF No. 21 at 2; ECF No. 23, Ex. 5 at 2.

The Court has considered Mr. Yazzie's evidence that A.W. repeatedly initiated contact after the no-contact order was entered. ECF No. 32; ECF No. 36 at 10. But Mr. Yazzie acknowledges that A.W.'s initiation of contact did not relieve him of his obligation to comply with the order. ECF No. 36 at 9-10. His alleged failure to comply with a recently imposed order designed specifically to separate him from A.W. weighs significantly against release. On balance, Mr. Yazzie's history and characteristics weigh in favor of detention.

*4. Nature and seriousness of the danger posed by Mr. Yazzie's release*

The nature and seriousness of the danger posed by Mr. Yazzie's release weighs strongly in favor of detention. The principal danger presented by this record is not generalized danger to the community, but the particularized risk of further violence against A.W. The federal charges themselves involve allegations of strangulation and assault against A.W., and Mr. Yazzie has a pending tribal charge involving an alleged assault against the same person as well as a recent arrest involving the same person that could lead to a charge. The Court recognizes that the conduct underlying both the federal and tribal charges remains alleged, and Mr. Yazzie is presumed innocent of those charges.

Of particular significance, the record indicates that judicial intervention has not prevented further alleged contact or violence. On July 9, 2026, the tribal court released Mr. Yazzie subject to conditions that included compliance with a no-contact order protecting A.W. ECF No. 23, Exs. 3, 4. The order expressly prohibited Mr. Yazzie from contacting A.W. Yet, while that order remained in effect, Mr. Yazzie allegedly resumed contact with A.W. and again assaulted her. ECF No. 21 at 2.

Mr. Yazzie proposes a substantial package of release conditions. Among other things, he proposes residing with his parents as third-party custodians, GPS

monitoring and exclusion zones, no contact with A.W., changing his telephone number, abstaining from social media, and participating in mental health and substance-use treatment. ECF No. 36 at 12-13. The Court has considered each of those proposed conditions.

The proposed conditions do not adequately address the Court's principal concern. A no-contact condition would largely replicate a condition already imposed by the tribal court and allegedly violated by Mr. Yazzie. Changing Mr. Yazzie's telephone number and restricting his access to social media may make electronic contact more difficult, but those measures do not address his demonstrated willingness to engage in prohibited contact. Likewise, GPS monitoring may assist in monitoring Mr. Yazzie's location, but monitoring does not itself prevent prohibited contact or violence.

The Court is also not convinced that appointing Mr. Yazzie's parents as third party custodians will alleviate the danger that would be posed by Mr. Yazzie's release. The conduct underlying the federal charges allegedly occurred at the residence of Mr. Yazzie's parents residence. *See* ECF No. 23, Ex. 10. That circumstance undermines the Court's confidence that parental supervision would adequately mitigate the risk of further prohibited contact or violence.

The Court recognizes Mr. Yazzie's young age, family support, willingness to engage in treatment, and representations that his relationship with A.W. has ended. But at this point Mr. Yazzie has demonstrated that various conditions and expectations are not sufficient to address A.W.'s safety. In light of the nature of the charged conduct, the additional allegations involving the same victim, and, most importantly, Mr. Yazzie's alleged violation of a recently imposed no-contact order protecting A.W., the Court finds by clear and convincing evidence that there is no set of conditions that can reasonably assure Mr. Yazzie's safety to the community during pretrial release..

CONCLUSION

Considering the record as a whole and the factors set forth in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of A.W. and the community if Mr. Yazzie is released pending trial. Continued detention is therefore warranted under 18 U.S.C. § 3142(e).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Appeal of Magistrate Judge Decision, **ECF No. 34**, is **DENIED**.
2. Defendant's Motion for Detention Review and Memo in Support, **ECF No. 36**, is **DENIED**.

The District Court Clerk is hereby directed to enter this Order and furnish copies to counsel and to the U.S. Probation Office.

DATED September 14, 2026.

REBECCA L. PENNELL
United States District Judge